UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>   Plaintiff,<br><br>V.<br><br>GREGORY HOWARD,<br>   Defendant. | CRIMINAL NO. 7:17-08-KKC-EBA-1<br><br>**OPINION & ORDER** |

*** *** ***

This matter is before the Court on defendant Gregory Howard's motion for a sentence reduction pursuant to retroactive Amendment 821 under 18 U.S.C. § 3582(c)(2). (DE 36). For the following reasons, Howard's motion is denied.

I.  **Factual Background**

In December 2017, this Court sentenced Howard to thirty-six months imprisonment, to run concurrently with the sentence imposed in 5:13-CR-148-KKC-02, and six years supervised release, following his guilty plea to possession with intent to distribute hydrocodone. (DE 22). Howard served this sentence and was released via supervised release in September 2019. However, in September 2024, Howard's term of supervision ended prematurely as Howard plead guilty to a supervised release violation for committing a new federal crime. (DE 35). Howard was sentenced to twelve months imprisonment for violating his supervised release. (DE 35). Now, Howard seeks a sentence reduction pursuant to Amendment 821.

1

## II. Analysis

Howard cites 18 U.S.C. § 3582(c)(2) in support of his motion asking for a sentence reduction. (DE 36 at 1). In relevant part, the statute states:

> The court may not modify a term of imprisonment once it has been imposed, except that—
> …
> In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, **if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.**

18 U.S.C. § 3582(c)(2) (emphasis added).

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments that may be applied retroactively pursuant to this authority, including Part A of Amendment 821. However, the policy statement issued by the Sentencing Commission does not support Howard's motion. The policy statement provides that "[o]nly a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section. **This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release**." U.S.S.G. § 1B1.10 app. note 8(A) (emphasis added). Because Howard is seeking a sentence reduction connected with a revocation, his motion must fail. *See United States v. Wooley*, No. 5:02-CR-255-33, 2008 WL 5397767, at *1 (N.D. Ohio Dec. 24, 2008).

Even if Howard were eligible for a reduction, the Court would still need to determine if a reduction would be appropriate under the § 3553(a) factors. *See Dillon v. United States*, 560 U.S. 827 (2010) ("At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction

2

authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case."). The § 3553(a) factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
> >   A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> >   B. to afford adequate deterrence to criminal conduct;
> >   C. to protect the public from further crimes of the defendant; and
> >   D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]
> (3) the kinds of sentences available.

18 U.S.C. § 3553(a)(1)-(3). The Section 3553(a) factors also include the "kinds of sentence and the sentencing range" established in the guidelines, and any pertinent policy statement issued by the Sentencing Commission. § 3553(a)(4)-(7).

Here, the § 3553(a) factors do not support a sentence reduction. In this case (2017 case), Howard was originally convicted for selling oxycodone pills while he was on supervised release in a prior 2013 federal case for selling hydrocodone pills. (PSR ¶¶ 29–30). Then, while on supervised release in this case, Howard received another federal conviction for selling oxycodone pills in 2023. (PSR ¶ 30). These facts show that each time Howard has been released, he has continued to violate the law. Howard's history does not support a sentence reduction and releasing him early would not protect the public from any further crimes he could possibly commit.

As such, Howard's motion fails because he is not eligible for a sentence reduction under § 3582(c)(2), and a sentence reduction is not supported by the § 3553(a) factors.

### III. Conclusion

For the foregoing reasons, Howard's motion for a sentence reduction (DE 36) is DENIED.

3

This 21st day of July, 2025.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

4